| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT | Hearing date: April 28, 2011 |
| EASTERN DISTRICT OF NEW YORK | at 11:00 am |

------------------------------------------------------X

In re:

    SOUTH SHORE PACKERS, INC.,     Case No. 810-70232-478

            Debtor.     Chapter 11

------------------------------------------------------X

UNITED STATES TRUSTEE'S MOTION IN SUPPORT OF ENTRY
OF AN ORDER CONVERTING THIS CHAPTER 11 CASE TO
<u>ONE UNDER CHAPTER 7 OF THE BANKRUPTCY CODE</u>

TO:    THE HONORABLE DOROTHY T. EISENBERG,
       UNITED STATES BANKRUPTCY JUDGE:

       Tracy Hope Davis, the United States Trustee for Region 2 ("United States Trustee") in furtherance of her duties and responsibilities set forth in 28 U.S.C. §586(a)(3) and (5) does hereby make this application in support of entry of an order pursuant to 11 U.S.C. §1112(b) converting this chapter 11 case to one under chapter 7 of the Bankruptcy Code, because it is in the best interest of creditors.

       In support therefore, the United States Trustee represents and alleges as follows:

**PRELIMINARY STATEMENT**

       South Shore Packers, Inc. (the "Debtor) filed a voluntary chapter 11 petition on January 12, 2010. Upon information and belief, the Debtor has ceased operation of its business since November of 2010. Prior to cessation of its operation, the Debtor processed and packaged ducks and duck products for its affiliate, Jurgielewicz Duck Farm, who is also under the protection of this Court under case number 810-70231. The Debtor has failed to file monthly operating reports ("MORs") since May 2010. The Debtor has failed to pay quarterly fees to the

1

United States Trustee. Since the Debtor has failed to provide any financial information, it is unclear whether the Debtor has accrued other unpaid post-petition administrative expenses. Because of the Debtor's current financial state, it appears that the Debtor cannot successfully reorganize. In light of the foregoing, cause has been shown under 11 U.S.C. §1112(b) to convert this chapter 11 case to one under chapter 7.

## BACKGROUND

1. The Debtor filed a voluntary chapter 11 petition on January 12, 2010. (Docket Entry ("DE" # 1)

2. The Debtor processed and packaged ducks and duck products for its affiliate, Jurgielewicz Duck Farm ("Jurgielewicz"), who also sought the protection of this Court under case number 810-70231.

3. The United States Trustee is unable to appoint a committee of unsecured creditors.

4. The Debtor's schedules indicate it has no assets, however, it had accrued in excess of $301,000 and $110,000 in pre-petition priority and unsecured debts, respectively.

5. The Debtor has failed to file its MOR since June 2010. The MOR for May 2010 shows the Debtor received no income from its business operation, however, it incurred operating expenses which were paid by Gorguin, a third party, and Jurgielewicz, a related bankrupt entity. Since the Debtor has failed to file any MORs after the one for May 2010, it is unclear whether the Debtor is current with its post-petition administrative expenses.

6. The Debtor has failed to pay quarterly fees for the second, third and fourth fourth quarters of 2010 as well as the first quarter of 2011 to the United States Trustee.

7. The Debtor has failed to file a plan of reorganization and disclosure statement to date.

**APPLICABLE LEGAL AUTHORITY**

8. 28 U.S.C. §586(a)(8) states that "in any case in which the United States trustee finds material grounds for relief under §1112 of title 11, the United States trustee shall apply promptly after making that finding to the court for relief. Under 11 U.S.C. §307, the United States Trustee has standing to be heard on any issue, in any bankruptcy case or proceeding. Pursuant to 28 U.S.C. §586(a)(3), the United States Trustee is charged with the duty of supervising the administration of cases in chapter 11. This Court has jurisdiction over this matter, pursuant to 28 U.S.C. §157.

9. Conversion of chapter 11 cases is governed by 11 U.S.C. §1112(b) of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), which states in relevant part:

> (1) Except as provided in paragraph (2) of this subsection . . . on request of a party in interest . . . absent unusual circumstance specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.
>
> (2) the relief provided in paragraph (1) shall not be granted absent unusual circumstances specifically identified by the court that establish that such relief is not in the best interests of creditors and the estate, if the debtor or another party in interest objects and establishes that –
>
>     (A)    there is reasonable likelihood that a plan will be confirmed within the time frames established in §§ 1121(e) and 1129(e) of this title . . .; and
>
>     (B)    the grounds for granting such relief include an act or omission of the debtor other than under paragraph (4)(A) --
>
>         (i)    for which there exists a reasonable justification for the act

>                              or omission; and
>                     (ii)    that will be cured within a reasonable period of time fixed
>                             by the court . . .
>
>           (4)    for purposes of this subsection, the terms 'cause' includes –
>
>                  (A)     substantial or continuing loss to or diminution of the estate and the
>                          absence of a reasonable likelihood of rehabilitation;

10.     Stated differently, with limited exceptions, §1112(b) mandates that the court dismiss or convert a chapter 11 case where any of the acts or omissions identified in §1112(b)(4) exist. The mandatory language of §1112(b) is a substantial departure from the former law, which left dismissal or conversion entirely in the court's discretion. "Congress has purposefully limited the role of this Court in deciding issues of conversion or dismissal, such that this Court has no choice, and no discretion, in that it 'shall' dismiss or convert a case under Chapter 11 if the elements for 'cause' are shown under 11 U.S.C. §1112(b)(4)." In re TCR of Denver, LLC, 338 B.R. 494, 498 (Bankr. D. Colo. 2006). There are only two exceptions to mandatory conversion or dismissal. The first is found in §1112(b)(1), and it restores the court's discretion over dismissal or conversion in cases involving "unusual circumstances specifically identified by the court." The second exception is found in §1112(b)(2), and it operates to enable a debtor to avoid dismissal or conversion where "reasonable justification" exists for the deficiencies in the case, those deficiencies "will be cured within a reasonable period of time," and there is a reasonable likelihood that the debtor will confirm a plan. However, this second exception is inapplicable if cause exists under §1112(b)(4)(a) (substantial or continuing loss to the estate).

11.     Whether cause exists to convert or dismiss a case is a determination that rests within the sound discretion of the court. In re Levinsky, 23 B.R. 210, 217 (E.D.N.Y. 1982). In fact, the Bankruptcy Court has broad discretion to determine whether conversion or dismissal a chapter 11 case, so long as its decision is made based upon the best interest of creditors. See In

re Gonic Realty Trust, 909 F. 2d 624, 626-27 (1st Cir 1990).  While the burden of showing cause rests with the moving party, In re Pensignorkay, Inc., 204 B.R. 676, 680 (Bankr. E.D. Pa. 1997); In re Earth Services, Inc., 27 B.R. 698, 700 (D. Vt. 1983), that burden can be met either by demonstrating the existence of one or more of the statutory grounds enumerated in section 1112(b) or by showing other cause. Levinsky, 23 B.R. at 217; see also In re Santiago Vela, 87 B.R. 229, 231 (D. P.R. 1988); In re 3868-70 White Plains Road, Inc., 28 B.R. 515, 519 (S.D.N.Y. 1983).

12. 11 U.S.C. §1112(b)(b)(4) sets forth a list of examples of "cause."  For purposes of the instant motion, under 11 U.S.C. §1112(b)(4) "cause" includes:

> (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;
>
> (F) Unexcused failure to satisfy timely any filing or reporting requirement established by this title of by any rule applicable to a case under this chapter;
>
> (I) Failure timely to pay taxes owed after the date of the order for relief . . .

13. The list set forth at 11 U.S.C. §1112(b)(4) is illustrative and not exhaustive; a court may find that "cause" for conversion exists based on circumstances which are not among those enumerated in 11 U.S.C. §1112(b)(4).  See In re C-TC 9th Ave. P'ship, 113 F.3d 1304, 1311 (2nd Cir. 1997).  Although BAPCPA significantly altered 11 U.S.C. §1112(b), the revised statute did not impact the nonexclusive nature of 11 U.S.C. §1112(b)(4). See In re Springs Hospitality, Inc., 2006 WL 2458679, *3 n.6 (Bankr. D. Idaho 2006) (concluding that the list set forth at 11 U.S.C. §1112(b)(4) is non-exhaustive, like its pre-BAPCPA corollary at 11 U.S.C. §1112(B)(1));  In re 3 RAM, Inc., 343 B.R. 113, 117 (Bankr. E.D. Pa. 2006) ("[w]hile the enumerated examples of 'cause' to convert or dismiss a chapter 11 case now listed in §1112(b)(4) have changed under BAPCPA, the fact that they are illustrative, not exhaustive has not").

14. Among the considerations frequently cited by courts, in determining to dismiss or convert a Chapter 11 case, is whether a debtor has filed his petition in bad faith. See, e.g. C-TC 9th Ave. P'ship, 113 F.3d at 1310 ("[t]he good faith standard applied to bankruptcy petitions furthers the balancing process between the interests of debtors and creditors which characterizes so many provisions of the bankruptcy laws and is necessary to legitimize the delay and costs imposed upon parties to a bankruptcy") (citation and internal quotations omitted).

## ARGUMENT

**Cause exists for Court to convert this chapter 11 case**

**I.     Unexcused failure to satisfy timely filing of monthly operating reports**

15. Since the inception of this chapter 11 case, the Debtor has been tardy in filing MORs. As of to date, the Debtor has failed to file its MORs since June 2010. It is one of the Debtor's basic fiduciary duties to keep its creditors abreast of its updated post-petition financial condition. Failure to comply with this requirement constitutes cause under § 1112(b)(4)(F) in support of conversion or dismissal of this chapter 11 case.

**II.    Failure to timely pay taxes owed after the date of the order for relief**

16. Because of the Debtor's non-compliance of the financial reporting requirements in its MORs, there is no entry in any of the Debtor's MORs showing its post-petition payroll taxes have been paid to the Internal Revenue Service. The Debtor's inability to pay post-petition taxes constitutes cause in support of conversion or dismissal of this case under §1112(b)(4)(I).

**III.   Failure to pay fees required under chapter 123 of title 28**

17. Based upon the records of the United States Trustee, the Debtor has failed to pay quarterly fees pursuant to 28 U.S.C. 1930(a)(6) for the second, third and fourth quarters of 2010

6

as well as the first quarter of 2011 to the United States Trustee. Such a failure to pay statutory fees constitutes cause under § 1112(b)(4)(K) in support of conversion or dismissal of this chapter 11 case.

**IV.     Other cause exits in support of conversion or dismissal**

18.     Upon information and belief, the Debtor has ceased operation of its business since November 2010. According to the Debtor's own financial disclosure in the MORs, the Debtor's operating expenses were paid from non-Debtor's funds. Not only has the Debtor failed to obtain Court approval on the financial arrangements made between itself and the third parties, it also fails to disclose the terms or details of the arrangements to its creditors. The lack of transparency on the Debtor's financial dealings causes concerns of the Debtor's ability to continue in this chapter 11 proceeding.

19.     In light of the foregoing, cause exists under 11 U.S.C. §1112(b) in support of an order dismissing this chapter 11 case.

## CONCLUSION

20.     The Debtor has been under the protection of this Court for more than a year. It has failed to demonstrate that it can reorganize. First, the Debtor has failed to fulfill its fiduciary duties in filing timely MORs, paying statutory fees and paying post-petition taxes. The Debtor has made undisclosed financial arrangements with third parties that may have an adverse interest to the estate. Lastly, the Debtor has ceased operation of its business since November of 2010 without providing any plan for its business wind down and proper financial accounting. The Debtor's lack of accountability to its creditors warrants an independent investigation of all business transactions leading to the shut down of its operation. In light of the foregoing, it is

submitted that cause has been shown in support of conversion of this chapter 11 case.

       WHEREFORE, the United States Trustee respectfully requests that the Court enter an order:

    A.    Converting this chapter 11 case to one under chapter 7 of the Bankruptcy Code;

    B.    Requiring the payment of the United States Trustee's quarterly fees through the date of entry of the order dismissing the case; and

    C.    Granting such other and further relief as may seem just and proper.

Dated:    Central Islip, New York
           April 8, 2011

                        TRACY HOPE DAVIS
                        UNITED STATES TRUSTEE
                        Region 2

                        **/S/ Stan Y. Yang**
                        Stan Y. Yang
                        Trial Attorney

                        560 Federal Plaza
                        Central Islip, New York 11722
                        631-715-7800

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK<br>----------------------------------------------------------X | Hearing date: April 28, 2011<br>at 11:00 am |

In re:

    SOUTH SHORE PACKERS, INC.,            Case No. 810-70232-478

                      Debtor.                 Chapter 11

----------------------------------------------------------X    **NOTICE**

To the Debtor and Other Parties In Interest:

**PLEASE TAKE NOTICE THAT:**

      1. Upon the application of the United States Trustee for the Eastern District of New York, a hearing will be held before the Honorable Dorothy T. Eisenberg, United States Bankruptcy Judge, of the United States Bankruptcy Court, Long Island Federal Courthouse, 760 Federal Plaza, Central Islip, New York, on **April 28, 2011at 10:00 A.M..** or as soon thereafter as counsel may be heard, for an order converting this chapter 11 case to a case under chapter 7 of the Bankruptcy Code and such other and further relief as may be deemed just and proper.

      2. The original application is on file with the Clerk of the Bankruptcy Court and with the United States Trustee and may be reviewed at either office during regular business hours.

      3. Responsive papers, if any, shall be filed with the Clerk of the Bankruptcy Court, 290 Federal Plaza, PO Box 9013, Central Islip, New York 11722, shall be in conformity with the Bankruptcy Rules and the Local Rules of the Bankruptcy Court, and filed in accordance with General Order No. 463 (which can be found at www.nyeb.uscourts. the Bankruptcy Court) by registered users of the Bankruptcy Court's electronic case filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), Wordperfect or any other Windows-based word processing format (with a hard-copy delivered directly to Chambers) and personally served upon the United States Trustee, 560 Federal Plaza, Central Islip, New York 11722-4456, Attn: Stan Y. Yang, Esq., no later than five (5) days prior to the hearing date set forth above. The hearing scheduled herein may be adjourned from time to time by announcement made in open court without further written notice.

Dated:  Central Islip, New York
        April 28, 2011                                TRACY HOPE DAVIS
                                                        UNITED STATES TRUSTEE
                                                         FOR REGION 2
                                                         560 Federal Plaza
                                                         Central Islip, New York 11722
                                                         (631) 715-7800

UNITED STATES BANKRUPTCY COURT         **Hearing date: April 28, 2011**

| | |
|---|---|
| EASTERN DISTRICT OF NEW YORK | at 11:00 am |

----------------------------------------------------------X

In re:

       SOUTH SHORE PACKERS, INC.,       Case No. 810-70232-478

                          Debtor.       Chapter 11

----------------------------------------------------------X  **NOTICE OF MOTION**

       PLEASE TAKE NOTICE that, upon the annexed application, the United States Trustee for the Eastern District of New York will move this Court before the Honorable Dorothy T. Eisenberg, Bankruptcy Judge of the United States Bankruptcy Court at 760 Federal Plaza, Central Islip, New York on **April 28, 2011, at 10:00 A.M.** or as soon thereafter as counsel can be heard, for an order pursuant to 11 U.S.C. §1112(b) converting this chapter 11 case to a case under chapter 7 of the Bankruptcy Code and such other and further relief as may be deemed just and proper.

       Responsive papers shall be filed with the Bankruptcy Court and personally served upon the United States Trustee, 560 Federal Plaza, Central Islip, New York 11722, Attn: Stan Y. Yang, Esquire, no later than three (3) days prior to the hearing date set forth above. Any responsive papers shall be in conformity with the Federal Rules of Civil Procedure and the entity submitting the response, the nature of the response and the basis of the response.

Dated:  Central Islip, New York
         April 8, 2011

                                             TRACY HOPE DAVIS
                                             UNITED STATES TRUSTEE
                                             Region 2

                                              **/S/  Stan Y. Yang**
                                             Stan Y. Yang
                                             Trial Attorney

                                             560 Federal Plaza
                                             Central Islip, New York
                                             (631) 715-7800

UNITED STATES BANKRUPTCY COURT       Hearing date:   April 28, 2011

EASTERN DISTRICT OF NEW YORK                                            at 11:00 am
-----------------------------------------------------------X

In re:

      SOUTH SHORE PACKERS, INC.,      Case No. 810-70232-478


                      Debtor.             Chapter 11

-----------------------------------------------------------X   **AFFIDAVIT OF SERVICE**
                                                                       **BY MAIL**

STATE OF NEW YORK)
                          :ss
COUNTY OF SUFFOLK )

Linda Kmiotek, being duly sworn, deposes and says:

      1. I am not a party to this action, am over the age of 18 years and am employed at the Office of the United States Trustee for the Eastern District of New York, 560 Federal Plaza, Central Islip, New York 11722

      2. On April 2011, I served a true copy of the annexed **Application In Support of an Order to Convert This Case From One Under Chapter 11 To A Case Under Chapter 7 Of The Bankruptcy Code**, by depositing same in a sealed envelope, with postage pre-paid thereon, in an official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addresses listed on the attached list.

                                                              ***/S/ Linda Kmiotek***
                                                              Linda Kmiotek

Sworn to before me on the
8th day of April, 2011

***/S/ Stan Y. Yang***
Notary Public

*Stan Y. Yang*
*Notary Public, State of New York*
*No. 31-4977344*
*Qualified in Nassau County*
*Commission Expires February 4, 2015*


MAILING LIST


**11**

Arnold Mitchell Green
Robinson Brog Leinwand Green
1345 Avenue of the Americas
31st Floor
New York, New York 10105

Jurgielewicz Duck Farm
P.O. Box 68
Moriches, New York 11955